IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID CHESTER FAULKNER,

    Petitioner,

v.                                              CASE NO. 4:11-cv-361-SPM-GRJ

DAVID OSBOURNE, WARDEN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a petition for a writ of habeas corpus, and has been granted leave to proceed as a pauper.  Petitioner is an inmate presently serving a Tennessee sentence in the custody of the Tennessee Department of Corrections.  On November 10, 2011, the Court ordered Petitioner to show cause by November 30, 2011, as to why the Petition should not be dismissed as time-barred.  Doc. 8.  As of this date, Petitioner has failed to respond to the show cause order.  For the following reasons, the undersigned recommends that the Petition be dismissed.

The Petition stems from Petitioner's November 30, 2000, Leon County guilty-plea conviction for theft of a motor vehicle, for which Petitioner received a sentence of five years' probation.  Petitioner states that he did not appeal.  Doc. 1.  He subsequently was charged with a probation violation, although Petitioner provides no details regarding that proceeding.   Petitioner alleges that he filed a motion to dismiss the pending probation violation warrant on August 5, 2010, and that the motion was denied on August 11, 2010.  The instant Petition was filed on July 25, 2011.

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year limitations period is tolled during the pendency of properly-filed state postconviction proceedings.  *Id*. § 2244(d)(2).

Petitioner alleges that the instant Petition is timely because it was filed within one year of the August 11, 2010, denial of his motion to dismiss the probation violation warrant.  Doc. 1.  Since Petitioner concedes that he did not appeal the November 2000 conviction, the limitations period would have expired on or about December 30, 2001 (thirty days from the date of conviction to allow for time to appeal, plus one year). Petitioner's motion to dismiss the warrant, filed on August 5, 2010, did not toll the limitations period, and the instant habeas Petition appears to be untimely by several years with respect to Petitioner's underlying conviction. Petitioner alleges that the Leon County probation violator warrant was issued on August 8, 2008.  Even if the warrant triggered a new one-year federal filing period, Petitioner did not move to dismiss the warrant until two years after its issuance.

To the extent that Petitioner challenges the effect of the pending warrant on his present confinement in Tennessee, such claim also must fail.  Assuming that the pendency of the warrant means that Petitioner can satisfy the "in custody" requirement

of § 2254[1], it is clear that he has failed to exhaust state remedies with respect to the pending warrant.  It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, *see* 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78.  To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing  28 U.S.C. § 2254(c)). Failure to exhaust is proper grounds for dismissal of the petition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Petitioner concedes that he did not appeal the denial of his motion to dismiss the warrant, and he denies that he has pursued any other state remedies with regard to the pending warrant, such as a state habeas corpus petition.  *Id*.  Petitioner's failure to

---

[1]The requirement that a petitioner be "in custody" is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst*., 854 F.2d 401, 402-03 (11th Cir.1988). For a petitioner to be "in custody," the state must "exercise some control over the petitioner." *Id*. at 403. The petitioner need not be physically confined, however, to meet the "in custody" requirement as long as the state action subjects the petitioner to restraints on liberty that are not generally shared by the public. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984). Specifically, the Supreme Court has recognized that a petitioner may be "in custody" if he is under the control of an indictment accompanied by a detainer, *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 488-89 (1973), if he is released on his own recognizance with an obligation to appear subsequently for trial, *Lydon*, 466 U.S. at 301, or if he is on parole, *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

exhaust his available state remedies mandates dismissal of the instant petition.

Pursuant to Rule 4, Rules Governing § 2254 cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 1, be **DISMISSED,** and that a certificate of appealability be **DENIED**.

IN CHAMBERS this 6th day of December 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.